IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DENNIS BROWN, | ) | |
| and CATHERIN BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 240566R |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's notice of disqualification from exclusive farm use (EFU) special assessment, dated June 28, 2024, for the property identified as tax account R342190 (subject property) for the 2024-25 tax year. The parties submitted a Joint Statement of Stipulated Facts along with cross motions for summary judgment. The matter is ready for a decision.

## I.  STATEMENT OF FACTS

Plaintiffs Dennis and Catherin Brown own real property identified as tax account number R342190. (Stip Facts at 1, ¶ 1.) Prior to June 14, 2024, approximately 9.24 acres of the subject property qualified for EFU special assessment under ORS 308A.062,[1] and 1.00 acre qualified for special assessment for a homesite used in conjunction with EFU. (*Id.* at 1, ¶ 2.)

In January 2024, Defendant mailed a survey titled "2024/25 Farm Rent Study (EFU)" to Plaintiffs. (*Id.* at 1, ¶ 3.) Plaintiff Catherin Brown completed the survey, indicating the number of acres currently farmed as "0," and the number of acres in a woodlot as "4." (*Id.* at 1-2, ¶ 3.) She identified the type of farming activity as "Firewood." (*Id.*) Defendant received the completed survey on February 22, 2024. (*Id.* at 2, ¶ 3.)

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2023.

On June 12, 2024, Defendant unsuccessfully attempted to contact Plaintiffs by phone and left a voicemail asking Plaintiffs to discuss the survey and any farm use taking place on the property. (*Id.* at 2, ¶ 4). On June 13, 2024, Catherin Brown returned the call and relayed to Defendant that (1) Plaintiffs were growing timber and selling firewood; (2) Plaintiffs believed firewood to be a farm product; and (3) Plaintiffs had previously sold hay, leased out the property for pastureland, and sold berries and other row crops, but not in 2024. (*Id.* at 2, ¶ 5).

Based on the information from the phone call and the returned survey, Defendant determined the land was not currently employed in farm use. (*Id.* at 2, ¶ 6.) At the end of the phone call, Defendant informed Plaintiffs that, because firewood does not qualify as a farm product for the purposes of the exemption, the property would be disqualified from special assessment and be assessed for additional taxes not to exceed ten years pursuant to ORS 308A.700-733. (*Id.*) Defendant kept notes of the phone call directly on the returned survey. (*Id.* at 2, ¶ 7; Joint Ex 1 at 1.)

On June 28, 2024, Defendant notified Plaintiffs by letter that 9.24 acres of the property were disqualified from EFU special assessment because the farmland was no longer in qualifying use and that 1.00 acre of the property was disqualified because the homesite was no longer used in conjunction with EFU property. *(Id.* at 2-3, ¶ 8.)

Prior to disqualifying the property, Defendant did not attempt to schedule an in-person site inspection of the property, conduct a site inspection, or keep record of any site inspection. (*Id.* at 3, ¶ 9.) On September 10, 2024, Plaintiffs appealed Defendant's disqualification of the property to this court. (*Id.* at 3, ¶ 10.)

/ / /

/ / /

## II. ANALYSIS

A.    *Summary Judgment Standard And Legal Issue*

The issue in this case is whether Defendant's failure to comply with the procedural requirements of Oregon Administrative Rule (OAR) 150-308-1100(1) invalidates its disqualification of Plaintiffs' property from EFU special assessment.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See* Tax Court Rule-Magistrate Division (TCR-MD) 13; Tax Court Rule (TCR) 47 C; *Tektronix, Inc. v. Dept. of Rev.,* 354 Or 531, 533, 316 P3d 276 (2013). Because the facts are undisputed and the issue is one of law, this matter is appropriate for summary judgment.

B.    *EFU Qualification Requirements Under ORS 308A*

Generally, all real property is presumed to be taxable, and exemption is the exception. *Dove Lewis Mem Emer. Vet. Clinic v. Dept. of Rev.,* 301 Or 423, 426-27, 723 P2d 320 (1986). The legislature has recognized the significant contribution of agriculture and related land uses to Oregon's character and economy. To promote the continuation of prosperity for all residents who benefit from the agricultural use of land in Oregon, the legislature has reduced taxes for properties that employ qualified farm use. ORS 308A.050. "Any land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128, unless disqualified under other provisions of law." ORS 308A.062(1).

The parties agree that Plaintiffs only used the property to grow and sell firewood, which is not a qualifying farm activity as defined in ORS 308A.056. With that factual issue resolved, the case turns solely on whether Defendant's failure to follow the rule's required procedures

invalidates the disqualification.

C.      *Procedural Preconditions To Disqualification*

Once an assessor determines that property may no longer qualify for farmland special assessment, they are required by OAR 150-308-1100(1)(a), to do three things before disqualification: "(A) [m]ake a reasonable effort to contact the owner, owner's agent or person using the land; (B) [m]ake a site inspection of the property; and (C) [r]equest the recent history of the property's use." In addition, OAR 150-308-1100(1)(b) requires the assessor to maintain a record of the inspection, the contact with the property owner, and property conditions for at least three years. These requirements are not optional; they serve to ensure that disqualification is based on verifiable, documented evidence.

Defendant acknowledges that it did not conduct a site inspection of the property and did not create or retain a record of any such inspection. Defendant argues that a site visit would have been futile because Plaintiff admitted to a non-qualifying use of the property. Defendant asserts that information of non-qualifying use alone, directly from Plaintiffs, was sufficient to justify disqualification and that it substantially complied with the applicable rule.

Plaintiffs argue that the rule requires actual compliance with each step, regardless of whether disqualification appears justified. Because Defendant did not follow the required procedures for disqualifying a property from EFU from special assessment, Plaintiffs contend the disqualification was invalid.

D.      *Judicial Interpretation Of OAR 150-308-1100(1)*

In *Evergreen Agr. Enterprises, Inc. v. Yamhill County Assessor,* TC-MD 101181B, 2011 WL 6338839 (Or Tax M Div, Dec. 16, 2011), this court stated that the county "was required to comply with all three requirements in OAR 150-308A.113(1)(a)(A)-(C) prior to disqualifying the

subject property from farm use special assessment."[2] *Id.* at *5. Further, the court held that the county "was also required to comply with the record-making and record-keeping requirements of OAR 150-308A.113(1)(b)[.]" *Id.* at *6. The assessor in that case had failed to conduct a site inspection and did not keep adequate records. Thus, the court concluded that the disqualification was invalid because of the procedural failure.

Other cases confirm the interpretation in *Evergreen*. In *Phillips v. Deschutes County Assessor,* TC-MD 160344R, 2018 WL 514610 (Or Tax M Div, January 23, 2018), the court invalidated a disqualification because the county failed to make and retain a record of a site inspection. *Id*. at *7. Similarly, in *Exit 282A Development Company, LLC v. Clackamas County Assessor,* TC-MD 120764C, 2013 WL 3948638 (Or Tax M Div, July 30, 2013), the court found that visual inspections five years prior to disqualification did not satisfy the requirements of the administrative rule. There, the court also refused to recognize four additional visual inspections of the property done subsequently as site inspections because they lacked the proper supporting records or documentation. *Id.* at *6. The court found that visual inspection without proper documentation did not satisfy the rule's requirements, thus invalidating the disqualification. *Id*.

Defendant primarily relies on *Boardman Tree Farm v. Morrow County Assessor*, 20 OTR 361 (2011), where the court accepted a series of informal drive-by inspections, together with substantial negotiation with the taxpayer, as satisfying the site inspection requirement. In *Boardman* the court undertook an analysis of the term "site inspection" used in the administrative rule. *Id.* at 367-68. After concluding that the plain meaning of the text and context did not resolve all ambiguities, the court turned to the rulemaking record. *Id.* at 368. From this, the court concluded that there were two purposes in adopting the inspection

---

[2] OAR 150-308-1100 was previously numbered OAR 150-308A.113.

requirement, "(1) to ensure that a given property is, in fact, no longer entitled to EFU special assessment and (2) to ensure that a disqualification will be upheld should a taxpayer choose to challenge it." *Id.* This is to ensure that any disqualifications pursuant to any "discoveries" that the land is no longer being used as farmland will be "based at least in part upon the reasonable observations of an assessor or an employee of the assessor." *Id.*

The assessor in *Boardman* made 36 informal observations and kept partial records. The issue in that case was whether information observations were enough to constitute site inspections. *Id.* at 371. The court concluded they could, because they demonstrated some form of direct and contemporaneous evaluation of the property.

Unlike in *Boardman*, the assessor here made no observations at all. There is no evidence that Defendant visited the property for any reason. *Boardman* does not support Defendant's argument that a site inspection can be skipped entirely. It only clarifies what form an inspection may take. The minimum requirement remains that some form of site inspection must occur and that a record of that inspection must be kept.

E.    *Application of Law To Facts*

Defendant argues that the dual purpose of the site inspection requirements, (1) to ensure that a given property is, in fact, no longer entitled to EFU special assessment and (2) to ensure that a disqualification will be upheld should a taxpayer choose to challenge it, were satisfied. Defendant reaches this conclusion based on two facts. First, that there is no dispute that the property no longer qualified for special assessment at the time of disqualification. Second, Defendant made this determination based solely on information provided by Plaintiffs. Defendant's position is that so long as the assessor has reason to believe that a site inspection would be futile, based on information provided by the taxpayer, then the inspection is not

required.  However, the court in *Evergreen* rejected this exact reasoning.  The rule exists to ensure that disqualification decisions are based on documented, first-hand observations by the assessor.  If the assessor's belief alone were enough to bypass the procedures, the rule would serve no purpose.  The discovery that disqualifying conditions may exist is what triggers the need for site inspection and recordkeeping.  It does not excuse compliance.

In *Earth Science Products Corp., v. Clackamas County Assessor,* TC-MD 160012N, 2016 WL 7177518 (Or Tax M Div, Dec 9, 2016), the court upheld a disqualification based on a single site inspection conducted from outside the property's fence.  The court held that this was the "bare minimum necessary to satisfy the rule." *Id.* at \*6.  Here there was a complete absence of an inspection or record.  Defendant did not present a single case which has upheld a disqualification where there was no site inspection and no record at all.

### III.  CONCLUSION

Decisions of this court have shown flexibility as to the manner in which a site inspection is performed and the kind of record that is required, but it has always required some form of site inspection and record.  Here, Defendant failed to conduct a site inspection and did not maintain the record required by OAR 150-308-1100(1).  The administrative rule mandates compliance with these steps before disqualification.  Because these procedures were not followed, the disqualification of Plaintiffs' property from EFU special assessment was procedurally invalid.  Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is granted, and Defendant's Cross-Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED.  The subject property, identified as tax account R342190, qualifies for farm use special assessment for the 2024-25 tax year.

_____

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This Decision was signed by Magistrate Richard D. Davis and entered on July 29, 2025.***